IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| JOSHUA : MAN OF GOD, HOROWITZ FAMILY, and DAVID : MAN OF GOD, HOROWITZ FAMILY,<br><br>Plaintiffs,<br><br>vs.<br><br>STATE OF MONTANA (PRINCIPAL), a Public Corporation/Statutory Trust; and STATE OF MONTANA (ALL AGENTS) ALL PUBLIC TRUSTEES/SERVANTS EMPLOYEES of above Corporation,<br><br>Defendants. | CV 17-67-M-DLC-JCL<br><br>FINDINGS AND RECOMMENDATION |

**I.**   **Background**

Plaintiffs Joshua and David, proceeding pro se, commenced this action with their complaint filed May 17, 2017. The pleading purports to assert 18 separate causes of action against the above-identified Defendants. The causes of action are stated in a single numerical list which identifies only the name of the cause of action, e.g. "fraud", "trespass" or "terrorism", and the pleading does not include any factual allegations elaborating on the basis for each cause of action.

Plaintiffs' pleading includes a paragraph identifying the relief they seek. They assert they have been "assaulted, kidnapped [sic], terrorized with threats of violence," and they seek injunctive relief against such conduct. (Doc. 1 at 2.)

1

They request a restraining order, a "do not detain order", and an order of protection. They further request an injunction "barring actual witness of capital offense with corpus delecti or a breach of the public peace to include all open and or ajudicated [sic] cases in any and all state of Montana courts[.]" (*Id.*)

Plaintiffs' pleading does not include any additional factual allegations describing the events, or acts or omissions which give rise to their complaint.

## II.     Discussion

Because Plaintiffs are proceeding pro se the Court must construe their pleading liberally, and the pleading is held "to less stringent standards than formal pleadings drafted by lawyers[.]" *Haines v. Kerner*, 404 U.S. 519, 520 (1972). *See also Neitzke v. Williams*, 490 U.S. 319, 330 n.9 (1989).

For the reasons discussed, however, the Court concludes Plaintiffs' pleading is subject to dismissal as this Court does not have jurisdiction over any claims they purport to assert.

In federal court, a plaintiff's pleading must set forth sufficient allegations to invoke the jurisdiction of this Court. Fed. R. Civ. P. 8(a)(1).[1]

> Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute[.]... It is to be presumed that a cause lies outside this limited jurisdiction,... and the burden of establishing the contrary rests upon the party asserting jurisdiction[.]

---

[1] Pro se litigants are "bound by the rules of procedure." *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995).

2

*Kokkonen v. Guardian Life Ins. of America*, 511 U.S. 375, 377 (1994) (citations omitted).  A plaintiff bears the burden to establish jurisdiction.  *Farmers Ins. Ex. v. Portage La Prairie Mut. Ins. Co.*, 907 F.2d 911, 912 (9th Cir. 1990).  Absent jurisdiction, a case is subject to dismissal.  Fed. R. Civ. P. 12(h)(3).

Furthermore, the federal courts are obligated to independently examine their own jurisdiction.  *FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 231 (1990).  And a district court may dismiss an action sua sponte whenever it appears that jurisdiction is lacking.  Fed. R. Civ. P. 12(h)(3); *Fiedler v. Clark*, 714 F.2d 77, 78-9 (9th Cir. 1983).

A federal court's jurisdiction is generally limited to cases involving diversity of citizenship (28 U.S.C. § 1332), a federal question (28 U.S.C. § 1331), or cases in which the United States is a party (28 U.S.C. §§ 1345 and 1346).  Sections 1345 and 1346 are not applicable in this case because the United States is not a party to this action.

Federal question jurisdiction requires that a plaintiff's civil action must arise "under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  Plaintiffs' pleading fails to set forth any basis for federal question jurisdiction under 28 U.S.C. § 1331.  Most of the claims Plaintiffs identify in their list of causes of action are matters concerning the common or statutory law of Montana, not federal law.

Plaintiffs make the bare assertion that some of their causes of action are presented under the "U.S.C.A.", but they do not expressly identify those claims. Liberally construed, potentially Plaintiffs' claims could be asserted under authority of 42 U.S.C. § 1983 because their pleading refers to employees of the State of Montana. Section 1983 permits claims under federal law against a local governmental entity, or a state official or employee, if the plaintiff can establish that the defendant was (1) acting under color of state law, and (2) deprived the plaintiff of a federal right secured by the Constitution or laws of the United States. *Kirtley v. Rainey*, 326 F.3d 1088, 1092 (9th Cir. 2003). But Plaintiffs' pleading does not set forth any facts supporting a section 1983 claim.

Even though Plaintiffs' allegations – liberally construed – purportedly attempt to assert claims under section 1983, and thus invoke this Court's federal question jurisdiction under 28 U.S.C. § 1331, their claims are nonetheless subject to dismissal for lack of jurisdiction because they are "not colorable," or are "wholly insubstantial and frivolous." *Arbaugh v. Y & H Corporation*, 546 U.S. 500, 513 n.10 (2006) (citing *Bell v. Hood*, 327 U.S. 678, 682-83 (1946)). The dismissal of an asserted federal claim for lack of subject matter jurisdiction due to the inadequacy of the federal claim is proper if the purported federal claim is "so insubstantial, implausible, foreclosed by prior decisions of this Court, or otherwise completely devoid of merit as not to involve a federal controversy." *Steel Co. v.*

*Citizens for a Better Environment*, 523 U.S. 83, 89 (1998) (quotations and citations omitted). *See also Williston Basin Interstate Pipeline Co. v. An Exclusive Gas Storage Leasehold and Easement in the Cloverly Subterranean Geological Formation*, 524 F.3d 1090, 1094 (9th Cir. 2008).

Liberally construed, Plaintiffs' pleading suggest that all agents and employees of the State of Montana have committed numerous acts against them, such as kidnapping, trespass, assault, malicious prosecution, perjury, and breach of trust, among other claims. It is factually not plausible that all employees of the State of Montana have committed each of the 18 offenses against each Plaintiff. Such claims are not colorable, and they are implausible and wholly insubstantial and frivolous. Thus, Plaintiffs' allegations are insufficient to invoke the jurisdiction of this Court under 28 U.S.C. § 1331, and the pleading is subject to dismissal.

Alternatively, the district courts have jurisdiction over "civil actions where the matter in controversy exceeds the sum or value of $75,000[,]" and the civil action is between citizens of different States. 28 U.S.C. § 1332(a); *Geographic Expeditions, Inc. v. Estate of Lhotka*, 599 F.3d 1102, 1106 (9th Cir. 2010). Diversity jurisdiction requires complete diversity of citizenship between the plaintiffs and each defendant. *Williams v. United Airlines, Inc.*, 500 F.3d 1019, 1025 (9th Cir. 2007) (citing *Exxon Mobil Corp. v. Allapattah Services, Inc.*, 545

U.S. 546, 553 (2005)).  The plaintiff must be a citizen of a different state than each of the defendants, and those facts must be affirmatively pled in the complaint. *Morris v. Princess Cruises, Inc.* 236 F.3d 1061, 1067 (9th Cir. 2001).

Here, Plaintiff do not identify their state of citizenship.  And they do not assert they are citizens of a state other than Montana – the State in which all of the identified Defendants operate.  Therefore, Plaintiffs' allegations do not affirmatively establish diversity of citizenship exists in this case.

### III. Conclusion

Based on the foregoing, Plaintiffs have failed to plead any factual basis for, or legal claims on which this Court's jurisdiction can be founded.  Furthermore, under the circumstances of the factual allegations pled – a case involving implausible and frivolous allegations – the Court finds Plaintiffs could not cure the jurisdictional defects in their pleading through the addition of further facts or claims.  Therefore, IT IS HEREBY RECOMMENDED that this action be DISMISSED for lack of jurisdiction.

DATED this 31st day of May, 2017.

_____
Jeremiah C. Lynch
United States Magistrate Judge