IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION


FILED
JUL 18 2017
Clerk, U.S Courts
District Of Montana
Missoula Division

| | |
|---|---|
| JOSHUA: MAN OF GOD, HOROWITZ FAMILY, and DAVID: MAN OF GOD, HOROWITZ FAMILY<br><br>Plaintiffs,<br><br>vs.<br><br>STATE OF MONTANA(PRINCIPAL), a Public Corporation/Statutory Trust; and STATE OF MONTANA (ALL AGENTS) ALL PUBLIC TRUSTEES/SERVANTS EMPLOYEES of above Corporation,<br><br>Defendants. | CV 17–67–M–DLC-JCL<br><br>ORDER |

United States Magistrate Judge Jeremiah C. Lynch entered his Findings and Recommendations on May 31, 2017, recommending dismissal of Plaintiffs' Complaint, filed May 17, 2017 (Doc. 1), without leave to amend. Plaintiffs, appearing pro se, timely filed an objection and are therefore entitled to de novo review of those findings and recommendations to which they specifically objected. 28 U.S.C. § 636(b)(1)(C). This Court reviews for clear error those findings and recommendations to which no party objects. *See McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 149 (1985). "Clear error exists if the Court is left with a

-1-

definite and firm conviction that a mistake has been committed." *United States v. Syrax*, 235 F.3d 422, 427 (9th Cir. 2000).

Plaintiffs filed a two-page Complaint on May 17, 2017, asserting 18 causes of action against Defendants, including "ACTING under 'Color of Law'" and "Un-Law-Full Arrest/Kidnapping." (Doc. 1 at 1.) This Complaint failed to provide any factual information supporting the action. Based upon this threadbare pleading, Judge Lynch issued Findings and Recommendations recommending the matter be dismissed. In particular, because the Complaint asserted that every employee employed by the State of Montana committed each of the 18 offenses against the Plaintiffs, a factual impossibility, Judge Lynch found that pleading was frivolous and failed to invoke the Court's jurisdiction. Thus, the Findings and Recommendations recommend dismissal of the matter without leave to amend.

Following the issuance of the Findings and Recommendations, Plaintiffs filed an Amended Complaint (Doc. 7), a Second Amended Complaint (Doc. 11), and an objection (Doc. 13). The filing of these documents, and in particular the 31 page Second Amended Complaint, arguably moot Judge Lynch's Findings and Recommendations. The Second Amended Complaint lists close to 30 additional "Public Servant" Defendants, some by name and some by title. (Doc. 11 at 3–5.) This Complaint also provides some additional facts which may support a colorable

cause of action in a properly pled complaint. Specifically, the Second Amended Complaint refers to an event where Plaintiffs were allegedly falsely arrested by officers with the Montana Highway Patrol and the Missoula County Sheriffs' Department. Properly pled, this allegation could support a claim that the Plaintiffs' constitutional rights were violated. However, at present, the allegations in the Second Amended Complaint are vague and conclusory, and fail to allege a viable a claim for relief. *Litmon v. Harris*, 768 F.3d 1237, 1241 (9th Cir. 2014) ("Vague and conclusory allegations of . . . civil rights violations" are insufficient to are not sufficient to withstand a motion to dismiss.").

For example, Plaintiffs' Second Amended Complaint alleges that Montana Highway Patrol officer "Nicholas Navarro [] and at least three (3) other MONTANA HIGHWAY PATROL OFFICERS and at least three (3) MISSOULA SHERIFF DEPUTIES acting under 'Color of Law' and in a Conspiracy against Rights, unlawfully detained I, David, from traveling in private conveyance and threatened force." (Doc. 11 at 8.) However, the Second Amended Complaint fails to provide any additional details supporting this broad allegation. The remaining allegations are equally vague and conclusory and fail to state a cognizant claim for relief. *See* Fed. Rule Civ. P. 8(a)(2) ("A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief."); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("[T]he

pleading standard Rule 8 announces does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation.") (citation and internal quotation marks omitted).

Consequently, because Plaintiffs' Second Amended Complaint provides only vague and conclusory allegations of Defendants' alleged unlawful conduct, the Court will modify Judge Lynch's Findings and Recommendations, and dismiss Plaintiffs' Second Amended Complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6); *see also Omar v. Sea-Land Serv., Inc.*, 813 F.2d 986, 991 (9th Cir. 1987) (district may sua sponte dismiss a complaint for failure to state a claim).

Nevertheless, because of Plaintiffs are proceeding pro se in this matter, the Court is required to allow them to amend their pleadings before dismissing this action. *Eldridge v. Block*, 832 F.2d 1132, 1135–1136 (9th Cir. 1987) ("[P]ro se litigant bringing a civil rights suit must have an opportunity to amend the complaint to overcome deficiencies unless it is clear that they cannot be overcome by amendment."). Thus, thus the Court will allow Plaintiffs 21 days to cure the deficiencies in its Second Amended Complaint and file an amended pleading. This pleading must provide sufficient facts to state a viable claim for relief. The Court cautions Plaintiffs that failure to allege a cognizable claim upon which relief may be granted will result in dismissal of this matter with prejudice.

Additionally, after the Findings and Recommendations were issued, Plaintiffs filed a "MOTION FOR EMERGENCY INJUNCTIVE RELIEF HEARING." (Doc. 15.) This motion requests that the Court issue an order preventing "AGENTS" of the "STATE OF MONTANA" from detaining Plaintiffs until their claims have been adjudicated in this Court. Read liberally, Plaintiffs are requesting preliminary injunctive relief from this Court. However, as stated above, Plaintiffs' Second Amended Complaint fails to meet the pleading standards established under the Federal Rules of Civil Procedure. Thus, the Court will deny the motion because the Second Amended Complaint does not state a claim for relief and, therefore, Plaintiffs cannot possibility succeed on the merits of this litigation. *See Winter v. Nat. Resources Def. Council, Inc.*, 555 U.S. 7, 20 (2008) (in order to grant preliminary relief, plaintiff "must establish that he is likely to succeed on the merits").

Accordingly, IT IS ORDERED that:

(1) Judge Lynch's Findings and Recommendations (Doc. 5) are MODIFIED IN PART and REJECTED IN PART;

(2) Plaintiffs' Second Amended Complaint (Doc. 11) is DISMISSED without prejudice. Plaintiffs are hereby given leave to filed an amended pleading in accordance with the above Order. This amended pleading shall be filed on or before **August 9, 2017**; and

(3) Plaintiffs' Motion for Preliminary Injunction (Doc. 15) is DENIED.

Dated this 18th day of July, 2017.

Dana L. Christensen, Chief District Judge
United States District Court