

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| JOSHUA: MAN OF GOD, HOROWITZ FAMILY, and DAVID: MAN OF GOD, HOROWITZ FAMILY,<br><br>Plaintiffs,<br><br>vs.<br><br>TIM FOX et al.,<br><br>Defendants. | CV 17–67–M–DLC–JCL<br><br>ORDER |

On May 17, 2017, Plaintiffs filed their Complaint purporting to assert 18 separate causes of action against the State of Montana, all of the State of Montana's agents, and all of the State of Montana's public trustees and employees. (Doc. 1) On May 31, 2017, Magistrate Judge Jeremiah C. Lynch filed his Findings and Recommendations recommending that Plaintiffs action be dismissed for lack of jurisdiction without leave to amend. (Doc. 5 at 6.) Judge Lynch noted that Plaintiffs' "implausible and frivolous allegations" were devoid of any factual basis or legal claim upon which the Court's jurisdiction could be founded. (*Id.*) Further Judge Lynch found that the jurisdictional defects in Plaintiffs' Complaint could not be cured by the "addition of further facts or claims." (*Id.*) On June 6, 2017,

Plaintiffs filed an Amended Complaint (Doc. 7) which was superseded shortly thereafter by the filing of yet another Amended Complaint on June 13, 2017 (Doc. 11). Plaintiffs also timely filed an objection to Judge Lynch's Findings and Recommendations on June 15, 2017. (Doc. 13.)

On July 18, 2017, the Court modified in part and rejected in part Judge Lynch's Findings and Recommendations. (Doc. 18 at 5.) In doing so, the Court dismissed Plaintiffs' Second Amended Complaint (Doc. 11) without prejudice and gave Plaintiffs 21 days to file an amended pleading pursuant to *Eldridge v. Block*, 832 F.2d 1132, 1135–36 (9th Cir. 1987). (Doc. 18 at 4–5.) After laborious and liberal interpretation of Plaintiffs' Second Amended Complaint, the Court found that it contained only vague and conclusory statements which failed to allege a viable claim for relief. The Court stated that a "pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." (*Id.* at 3 (quoting Fed. Rule Civ. P. 8(a)(2)).) Further, the Court explained that Rule 8's pleading standard "does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." (*Id.* at 3–4 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).) Importantly, in giving Plaintiffs leave to file an amended pleading, the Court cautioned Plaintiffs that "failure to allege a

-2-

cognizable claim upon which relief may be granted will result in dismissal of this matter with prejudice." (*Id.* at 4.)

Before the Court is a "Notice" filed by Plaintiffs including numerous separately signed pages each titled "Common Law Claim to be Heard by a Jury in the Superior Court of Record at Common Law, Federal Article III Jurisdiction." (Doc. 19.) As this document was filed within the time frame the Court allotted to Plaintiffs for the filing of an amended pleading and purports to assert 11 claims against 34 separate defendants, the Court will liberally construe this as Plaintiffs' Third Amended Complaint.

Despite the liberal construction and interpretation afforded Plaintiffs' Third Amended Complaint, dismissal with prejudice is warranted in this matter. Plaintiffs have received repeated and thorough explanation of the rules of procedure in both Judge Lynch's Findings and Recommendations (Doc. 5) and this Court's previous Order (Doc. 18). Plaintiffs have also been afforded an opportunity to implement this instruction by filing a third amended complaint. (Doc. 18 at 4.) Additionally, Plaintiffs received a warning that failure to plead a cognizable claim upon which relief could be granted would result in their case being dismissed with prejudice. (*Id.*) Despite all of this, Plaintiffs' Third Amended Complaint wholly fails to allege a claim upon which relief may be

granted.

As pro se litigants, Plaintiffs are bound by the rules of procedure. *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995). Pleadings in federal court must set forth sufficient allegations to invoke the jurisdiction of the Court. Fed. R. Civ. P. 8(a)(1). The burden is on the plaintiff to establish jurisdiction. *Farmers Ins. Ex. v. Portage La Prairie Mut. Ins. Co.*, 907 F.2d 911, 912 (9th Cir. 1990). Judge Lynch previously explained the grounds for establishing either diversity or federal question jurisdiction in his Findings and Recommendations. (Doc. 5 at 2–6.) As has also been previously stated, a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." (Doc. 18 at 3 (quoting Fed. Rule Civ. P. 8(a)(2)).) Again, the complaint must contain more "than an unadorned, the-defendant-unlawfully-harmed-me accusation." (*Id.* at 3–4 (quoting *Ashcroft*, 556 U.S. at 678).) A district court may *sua sponte* dismiss a complaint for failure to state a claim or whenever it appears that jurisdiction is lacking. Fed. R. Civ. P. 12(h)(3); *Fiedler v. Clark*, 714 F.2d 77, 78–79 (9th Cir. 1983); *Omar v. Sea-Land Serv., Inc.*, 813 F.2d 986, 991 (9th Cir. 1987).

Here, the Third Amended Complaint does not cure any of the defects stressed in previous orders of the Court. The pleading is devoid of any attempt to establish jurisdiction other than the inclusion of the words "Federal Article III

Jurisdiction" in the title of each page. (Doc. 19 at 1–51.) Additionally, the pleading is completely devoid of any factual support and amounts to a litany of "unadorned, the-defendant-unlawfully-harmed-me" accusations. (Doc. 19.) Accordingly,

IT IS ORDERED that Plaintiffs' Third Amended Complaint (Doc. 19) is DISMISSED WITH PREJUDICE for failure to state a claim.

IT IS FURTHER ORDERED that the Clerk of Court shall enter judgment in this case.

DATED this 14th day of December, 2017.

*/s/ Dana L. Christensen*
Dana L. Christensen, Chief Judge
United States District Court